UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marque Gardeley,<br><br>                              Petitioner,<br>   v.<br><br>State of Nevada, et al.,<br><br>                            Respondents. | Case No. 2:22-cv-00223-APG-DJA<br><br>**Order Appointing Counsel and Scheduling Further Proceedings** |

On March 28, 2022, I granted petitioner Marque Gardeley's motion for appointment of counsel and appointed the Federal Public Defender to represent him. ECF No. 7. The Federal Public Defender has filed a Notice of Conflict. ECF No. 11.

I THEREFORE ORDER that Jesse Folkestad is appointed to represent Marque Gardeley in these proceedings. Ms. Folkestad's contact information is the following:

> Jessie Folkestad
> 10120 W. Flamingo Road
> Suite 4
> Las Vegas, NV 89147
> (725) 800-8327
> jfolkestadesq@gmail.com

The Clerk is directed to ELECTRONICALLY SERVE upon Ms. Folkestad a copy of this order, together with a copy of the petition for writ of habeas corpus.

I FURTHER ORDER that the Federal Public Defender is released as counsel.

I FURTHER ORDER that Ms. Folkestad, a Criminal Justice Act panel attorney for the United States District Court, District of Nevada, will represent petitioner in all future proceedings in this court relating to this matter (including subsequent actions) and appeals therefrom, pursuant to 18 U.S.C. § 3006A (a)(2)(B), until allowed to withdraw.

I FURTHER ORDER that Ms. Folkestad enter a notice of appearance within 20 days of the date of this order.

I FURTHER ORDER that Ms. Folkestad meet with petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

I FURTHER ORDER that petitioner file an amended petition for writ of habeas corpus within 90 days that includes all known grounds for relief (both exhausted and unexhausted).

I FURTHER ORDER that respondents file a response to the petition within 90 days of service of the petition. If respondents file an answer, petitioner will have 60 days from the date of service to file and serve a reply. If respondents file a motion to dismiss, petitioner will have 60 days from the date of service to file and serve a response to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of that motion. Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, I do not wish to address procedural defenses in either successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, relevant to their response to a given claim.

3. Respondents must file a set of state court exhibits relevant to the petition and their response. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow me and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

4. Notwithstanding Local Rule LR IC 2-2(g), respondents must send a hard copy of all exhibits for this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney."

DATED: April 6, 2022

_____
U.S. District Judge Andrew P. Gordon