# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARQUE GARDELEY,

Petitioner,

v.

JEREMY BEAN,[1]

Respondent.

Case No. 2:22-cv-00223-APG-DJA

**Order**

Petitioner Marque Gardeley, a Nevada prisoner, has filed a counseled First-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 95.  The respondents have moved to dismiss the Petition, Gardeley opposed, and the respondents replied. ECF Nos. 113, 120, 121.

In their motion to dismiss, the respondents argue, in part, that Gardeley's original *pro se* petition is untimely. ECF No. 113.  Gardeley acknowledges that his *pro se* petition was untimely by 32 days, but he argues, in part, that he is entitled to equitable tolling due to his hearing loss. ECF No. 120 at 4–5.  Gardeley explains that (1) he "had to struggle with the Nevada Department of Corrections in order to receive reasonable accommodations to address [his] disability" and (2) his "diligent efforts to make a timely filing [of his federal petition] were not possible because of his deafness." *Id*. at 7–8.  To support these vague explanations, Gardeley requests that an evidentiary hearing be conducted. *Id*. at 9.

---

[1] The state corrections department's inmate locator page shows that Gardeley is incarcerated at High Desert State Prison.  Jeremy Bean is the current warden for that facility.  Accordingly, at the end of this Order, I kindly request the Clerk of Court to substitute Jeremy Bean for Respondent State of Nevada. *See* Fed. R. Civ. P. 25(d).

It is the petitioner's burden to show that equitable tolling is warranted. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).  Gardeley attempts to meet this burden by requesting that the Court conduct an evidentiary hearing.  However, I am not inclined to hold an evidentiary hearing at this point.  It is presumed that an evidentiary hearing would consist primarily of Gardeley's testimony, so it is unclear why a declaration cannot be provided in lieu of an evidentiary hearing.  As such, to save judicial resources, I instruct Gardeley to file written documentation to support his request for equitable tolling.

Also, Gardeley has filed a *pro se* motion, requesting that these proceedings be halted because he has not received copies of the recent filings in this matter.  Because I have already found that it is premature to rule on the motion to dismiss given the lack of factual support for the motion to dismiss, I find that Gardeley's motion to halt these proceedings is moot.  However, I instruct Gardeley's counsel to provide him copies of any filings he may have not received.

I THEREFORE ORDER that Gardeley file documentation supporting his opposition to the motion to dismiss on or before May 15, 2026, unless more time is requested and approved.

I FURTHER ORDER that Gardeley's *pro se* motion [ECF No. 122] is denied as moot. Gardeley's counsel is instructed to provide him copies of any filings he may have not received as soon as is convenient.

I FURTHER KINDLY ORDER that the Clerk of the Court substitute Jeremy Bean for Respondent State of Nevada.

Dated: April 3, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2