**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARQUE GARDELEY, | Case No. 2:22-cv-00223-APG-DJA |
| Petitioner, | **Order Denying Motion to Dismiss** |
| v. | [ECF No. 113] |
| JEREMY BEAN, | |
| Respondent. | |

Petitioner Marque Gardeley, a Nevada prisoner, has filed a counseled First-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Amended Petition). ECF No. 95. The respondent moved to dismiss the Amended Petition, Gardeley opposed, and the respondent replied. ECF Nos. 113, 120, 121. I directed Gardeley to file documentation supporting his opposition to the motion to dismiss. ECF No. 124. Gardeley timely complied. ECF Nos. 127, 134. For the reasons discussed below, I deny the motion to dismiss.

**I.    PROCEDURAL HISTORY**

Gardeley pleaded guilty to second-degree murder and robbery with the use of a deadly weapon. ECF No. 104-33. He was sentenced to life without the possibility of parole. *Id*. Gardeley appealed, and the Nevada Supreme Court affirmed on February 13, 2014. ECF No. 105-5. Gardeley petitioned for rehearing, but his petition was denied on April 25, 2014. ECF No. 105-9. Remittitur issued on May 20, 2014. ECF No. 105-10. Gardeley filed a state habeas petition on October 30, 2014. ECF No. 105-11. The state court denied the petition on April 2, 2020. ECF No. 108-6. Gardeley appealed, and the Nevada Court of Appeals affirmed on March 12, 2021. ECF No. 108-26. Remittitur issued on April 6, 2021. ECF No. 108-27.

Gardeley commenced this action on February 4, 2022. ECF No. 1.  I appointed counsel to represent him. ECF No. 13.  In his Amended Petition, Gardeley raises the following claims: (1) the trial court failed to have Gardeley properly evaluated to determine whether his hearing loss and mental health issues prevented him from properly assisting appointed defense counsel, (2) the trial court relied on materially false information in determining whether to exercise its discretion to sentence Gardeley as a habitual offender, and (3) trial counsel failed to recognize the breakdown of his relationship with Gardeley. ECF No. 95.

**II.    DISCUSSION**

The respondent argues that (1) Gardeley's original petition was untimely, and (2) grounds 1, 2, and 3 are unexhausted. ECF No. 113.  I address these arguments in turn.

**A.    Timeliness**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  The federal limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Gardeley's direct appellate review concluded on April 25, 2014, with the Nevada Supreme Court's denial of his petition for rehearing.  As such, Gardeley's conviction became final when the time expired for filing a Petition for Writ of Certiorari with the United States Supreme Court 90 days later: July 24, 2014.  The federal statute of limitations began to run the following day: July 25, 2014.  Gardeley timely filed his state habeas petition October 30, 2014, tolling the AEDPA clock.  As a result, 97 days elapsed between the finality of the judgment and the filing of Gardeley's state habeas petition.  The remaining 268 days of the AEDPA limitation period were statutorily tolled during the pendency of all proceedings related to Gardeley's state habeas proceedings.  Tolling ended on April 6, 2021, when the remittitur issued following the denial of Gardeley's state habeas appeal.  The AEDPA clock restarted the following day, April 7, 2021, and expired 268 days later: December 31, 2021.  Because Gardeley transmitted his original petition on February 1, 2022, it is untimely filed by 32 days.

Gardeley acknowledges that his original petition was untimely. ECF No. 120 at 4–5. However, he argues that he is entitled to equitable tolling because "he had COVID at or about December 2021 and January 2022, the month before and after his federal petition due date of December 31, 2021." ECF No. 127 at 2.  Gardeley explains that (1) "the infection . . . impact[ed] his health and abilities to research and write," (2) "prison conditions and restrictions that applied to those with the infection prevented a timely filing," (3) "[he] exercised due diligence in filing his federal petition by finishing it as soon as his health and prison conditions allowed for the filing," and (4) he was "moved . . . to isolation," resulting in him "being without his case file for about six to eight months," three of which were "during his AEDPA limitation period (Nov. to Feb. 2021)." ECF Nos. 127 at 2, 134 at 7.

3

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649.  To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc).  To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

Given that (1) Gardeley contracted Covid-19 before and during the time his federal habeas petition was due, (2) Gardeley's Covid-19 diagnosis required him to be put into isolation, and (3) Gardeley's isolation resulted in him not having access to his case files, Gardeley is entitled to equitable tolling.  Specifically, (1) Gardeley has demonstrated that the foregoing issues rise to the level of an extraordinary circumstance, (2) he diligently pursued his rights as reasonably could be expected under the circumstances, and (3) the foregoing issues were the cause of his mere 32-day untimely filing. *See Holland*, 560 U.S. at 649–50 (explaining that the "'exercise of a court's equity powers . . . must be made on a case-by-case basis'" which "enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices'"); *Cruz v. Ramirez-Palmer*, 50 Fed. Appx. 367 (9th Cir. 2022) (recognizing that a petitioner's physical incapacities, which render a petitioner severely incapacitated, may warrant equitable tolling of the AEDPA one-year limitations period); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that a petitioner's "complete lack

4

of access to a legal file may constitute an extraordinary circumstance" to justify equitable tolling).  Accordingly, I find that Gardeley's original petition was timely.[1]

B.    Exhaustion[2]

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  A claim has been fully and fairly presented when a petitioner presented the substantial equivalent of his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971).  The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

---

[1] In his motion to dismiss, the respondent "reserve[d] the right to address relation back should this Court find the original petition timely filed." ECF No. 113 at 6.  In my scheduling order, I stated that "[a]ny procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss" because "I do not wish to address procedural defenses in . . . successive motions to dismiss." ECF No. 13 at 2.  I warned the respondent that "[p]rocedural defenses omitted from the motion to dismiss will be subject to potential waiver." *Id*.  As such, I deem any argument regarding the lack of relation back of the untimely Amended Petition to the timely original petition to be waived.

[2] In his response to the motion to dismiss, Gardeley did not address the respondent's exhaustion argument, stating that "the timeliness aspect of the State's Motion . . . is dispositive" and must be decided first. ECF No. 120 at 3.  While I agree, Gardeley's counsel is directed to address a respondent's motion in whole in future briefings so that I can address each procedural issue within one comprehensive order.

In ground 1, Gardeley argues that the trial court failed to have him properly evaluated to determine whether his hearing loss and mental health issues prevented him from properly assisting appointed defense counsel. ECF No. 95 at 26.  On direct appeal, Gardeley argued that "the district court erred in failing to require an evaluation of [his] competence to assist counsel at sentencing." ECF No. 104-46 at 20.  The Nevada Supreme Court rejected this claim, "conclud[ing] that the district court's competency determination is supported by substantial evidence." ECF No. 105-5 at 4.  The respondent argues that Gardeley's direct appeal claim addressed his competency at sentencing but that his claim now addresses the failure of the trial court to ensure he could hear and failed to enforce the order for auditory testing. ECF No. 113 at 9.  The respondent is interpreting ground 1 too narrowly for exhaustion purposes.  In his direct appeal, Gardeley argued that he "was not only incapable of helping his own case for purposes of presenting information to the court to mitigate his punishment, but that the finders of competence abdicated their duty to make the proper inquiries pursuant to their directive and therefore the court didn't even have sufficient evidence before it to make a determination under NRS 178.415 of competency." ECF No. 104-46 at 21–22.  This latter argument in Gardeley's direct appeal incorporates ground 1 of the Amended Petition.  Ground 1 is exhausted.

In ground 2, Gardeley argues that the trial court relied on materially false information in determining whether to exercise its discretion to sentence him as a habitual offender. ECF No. 95 at 29.  On direct appeal, Gardeley argued that "the district court's review of an overwhelming amount of highly prejudicial material about the alleged prior bad acts of [him] prior to sentencing precluded fair consideration of the appropriateness of a habitual criminal determination." ECF No. 104-46 at 25.  The Nevada Supreme Court rejected this claim, finding "that the district court knew that habitual criminal adjudication was discretionary and nothing in

the record indicates that the district court considered anything beyond Gardeley's prior felony convictions when exercising its adjudication discretion." ECF No. 105-5 at 6.

The respondent first argues that although Gardeley presented the state court with his argument regarding the trial court's habitual-offender determination, he did not present the state court with his argument regarding the trial court's exercise of its sentencing discretion after making the habitual-offender determination. ECF No. 113 at 10.  This argument lacks merit, as Gardeley argued within a different claim in his direct appeal "that the district court abused its discretion by sentencing him to life in prison without the possibility of parole." ECF No. 105-5 at 6.

The respondent next argues that Gardeley incorporated new facts within ground 2 that he did not present to the Nevada Supreme Court, including "the allegations regarding the ten uncharged or unsupported crimes and the details of the gang rape." ECF No. 113 at 10.  This argument also lacks merit, as Gardeley listed the "highly prejudicial evidence" which was the subject of this claim within his claim to the Nevada Supreme Court as follows: "rapes, murder, phantom sex convictions, severed heads, sex trafficking with gang rapes, etc." ECF No. 104-46 at 31.  The respondent then argues that "Gardeley failed to fully federalize Ground Two." ECF No. 113 at 10.  In his opening brief to the Nevada Supreme Court, Gardeley argued that "Nevada law creates a liberty interest in sentencing procedures that is protected by due process." ECF No. 104-46 at 30.  Gardeley cited *Walker v. Deeds*, 50 F.3d 670 (9th Cir.1995) for this proposition. *Id*.  In *Walker v. Deeds*, the Ninth Circuit held that "Nevada's law requiring a court to review and make particularized findings that it is 'just and proper' for a defendant to be adjudged a habitual offender also creates a constitutionally protected liberty interest in a sentencing procedure." 50 F.3d at 673.  I find that this argument sufficiently alerted the Nevada Supreme

Court to that fact that Gardeley was asserting a claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) ("[T]o alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis."). Ground 2 is exhausted.

In ground 3, Gardeley argues that his trial counsel failed to recognize the breakdown of the attorney-client relationship. ECF No. 95 at 33. In his opening brief on post-conviction appeal, Gardeley argued that his trial counsel was "ineffective under the Sixth Amendment for failing to recognize the irreparable harm done to the attorney-client relationship." ECF No. 108-21 at 19. The Nevada Court of Appeals denied this claim: "[t]he district court found there was no irreparable harm to Gardeley's relationship with defense counsel, and this finding is supported by substantial evidence in the record." ECF No. 108-26 at 2. The respondent argues that ground 3 includes new factual allegations as compared to his claim to the Nevada Court of Appeals. ECF No. 113 at 12. Ground 3 is almost identical to the claim presented in Gardeley's post-conviction appeal, and the addition of any new facts do not fundamentally alter the claim. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Weaver v. Thompson*, 197 F.3d 359, 364–65 (9th Cir. 1999). Ground 3 is exhausted.

## III.    CONCLUSION

I THEREFORE ORDER that the motion to dismiss **[ECF No. 113]** is denied.

I FURTHER ORDER that the respondent file his answer to the Amended Petition by September 3, 2026. Gardeley will then have 60 days to file his reply.

Dated: July 5, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

8